UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| | § | |
| VS. | § | CRIMINAL ACTION NO. C-08-488-1 |
| | § | |
| ANTONIO RIVERA | § | |

### ORDER DENYING MOTION PURSUANT TO RULE 60(b), AND DENYING A CERTIFICATE OF APPEALABILITY

Pending before the Court is Defendant Antonio Rivera's motion pursuant to Federal Rule of Civil Procedure 60(b), in which he seeks to reopen his previously filed motion pursuant to 28 U.S.C. § 2255. D.E. 71. The Court concludes that it is not necessary to order a government response because "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS (§ 2255 RULES). For the reasons stated herein, the Court denies Rivera's motion and denies him a certificate of appealability.

### I. PROCEDURAL BACKGROUND

Rivera was indicted in July 2008 on a single count of conspiracy to possess with intent to distribute more than 5 kilograms of cocaine. D.E. 1. He was arrested the same month. At his initial appearance, Rivera advised the Court that he would hire his own counsel. After hearing, Rivera was denied bond and detained pending trial. D.E. 10. A superseding indictment filed in August 2008 named two co-defendants. D.E. 14. Rivera was arraigned on the superseding indictment and two weeks later entered into a plea agreement with the government in which he waived his right to appeal or to file a motion pursuant to 28 U.S.C. § 2255. D.E. 25. Rivera was rearraigned and pled guilty. D.E. 55. He was sentenced in November 2008 to 190 months in the

Bureau of Prisons, 5 years supervised release, no fine, and a $100 special assessment. D.E. 36. Judgment was entered on November 18, 2008. D.E. 38.

Rivera appealed his conviction to the Fifth Circuit Court of Appeals. D.E. 41. The Fifth Circuit dismissed his appeal for want of prosecution on March 29, 2009. D.E. 51.

In November 2009, Rivera filed a motion pursuant to 28 U.S.C. § 2255. The motion was dismissed and Rivera was denied a certificate of appealability because Rivera waived his right to file such a motion as part of his plea agreement. D.E. 61. Rivera appealed to the Fifth Circuit, which also denied a certificate of appealability and dismissed the appeal in July 2010. D.E. 63, 69.

Rivera mailed his Rule 60(b) motion on July 13, 2011.

## II. MOVANT'S CLAIMS

Rivera claims that his motion is brought pursuant to Rule 60(b) and the relief he seeks is to reopen his previous § 2255 motion. D.E. 71. Rivera seeks a determination that his motion is timely on the grounds of equitable tolling, complains that his habeas counsel was ineffective, and that the government breached the plea agreement. Rivera also challenges the enhancement of his sentence for manager/supervisor role.

## III. ANALYSIS

**A.  Rule 60 of the Federal Rules of Civil Procedure**

The Federal Rules of Civil Procedure do not apply to an original criminal proceeding, but may apply to federal habeas petitions "only to the extent that [they are] not inconsistent with applicable federal statues and rules. Rule 12, RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS (2011). To the extent that a particular Rule 60(b)

motion is inconsistent with the AEDPA limitations on second or successive petitions, the statute and rules governing § 2255 motions control. See Gonzalez v. Crosby, 545 U.S. 524, 533 (2005).

**B.      Second or Successive § 2255 Motion**

A defendant bringing a Rule 60(b) motion may run afoul of the prohibition on second or successive habeas motions. Gonzalez, 545 U.S. at 532. It is only when a Rule 60 motion attacks "some defect in the integrity of the federal habeas proceedings," that it does not raise a second or successive claim. Id. A Rule 60(b) motion that seeks to advance one or more substantive claims after denial of a habeas petition is properly classified as a second or successive petition requiring authorization from the Court of Appeals before filing. Id. at 531; see also United States v. Hill, 202 Fed. Appx. 712, 713 (5th Cir., Oct. 13, 2006) (designated unpublished); Fierro v. Johnson, 197 F.3d 147, 151 (5th Cir. 1999). Rivera's claims brought in this motion are not procedural attacks on the fairness of his previous § 2255 proceedings, but are substantive claims from which he seeks a more favorable judgment.

In pertinent part, 28 U.S.C. § 2255(h) provides:

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –

>   (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

>   (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

Where a claim is second or successive, the movant is required to seek, and acquire, the approval of the Fifth Circuit before filing a second § 2255 motion before this Court. See Tolliver v. Dobre, 211 F.3d 876, 877 (5th Cir. 2000); 28 U.S.C. § 2244 (b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). Rivera's motion does not indicate that he has sought or obtained such permission. Accordingly, his motion for relief from judgment (D.E. 71) is DENIED as second or successive.

## IV.   CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). An appeal from the denial of a Rule 60 motion requires a certificate of appealability in all but very narrow circumstances. Ochoa Canales v. Quarterman, 507 F.3d 884, 888 (5th Cir. 2007) ("a COA is not required to appeal the denial of a Rule 60(b) motion . . . only when the purpose of the motion is to reinstate appellate jurisdiction over the original denial of habeas relief."). Although Rivera has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 RULES.

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reasons would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484.

The Court finds that Rivera cannot establish at least one of the Slack criteria. Accordingly, he is not entitled to a COA as to his claims.

## V. CONCLUSION

For the foregoing reasons, Rivera's motion (D.E.71) is DENIED as second or successive. Additionally, Rivera is DENIED a Certificate of Appealability.

SIGNED and ORDERED this 4th day of August, 2011.

_____
Janis Graham Jack
Senior United States District Judge