UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. 2:08-CR-488-1 |
| | § | |
| ANTONIO RIVERA | § | |

**ORDER DENYING RULE 60(b) MOTION TO VACATE SET ASIDE OR
CORRECT SENTENCE AS SECOND OR SUCCESSIVE AND
DENYING CERTIFICATE OF APPEALABILITY**

Before the Court is Antonio Rivera's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. D.E. 132. For the reasons stated, Rivera's claim that his post-conviction counsel provided ineffective assistance is denied and the remainder of the claims are denied as second or successive.

## I.  BACKGROUND

Rivera  was convicted in 2008 after his guilty plea to conspiracy to possess with intent to distribute more than 5 kilograms of cocaine. He was sentenced to 190 months in the Bureau of Prisons, to be followed by five years supervised release. D.E. 38. He appealed, but his appeal was dismissed for lack of prosecution. D.E. 51.

Rivera filed his first motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 in December 2009. D.E. 61. The motion was dismissed after this Court enforced Rivera's plea agreement that included a waiver of his right to file a motion pursuant to § 2255. He sought a Certificate of Appealability, which was denied first by this Court and then by the Fifth Circuit Court of Appeals in July 2010. D.E. 69. Rivera filed a Rule 60(b) motion in August 2010. This Court dismissed the motion with prejudice after finding that the motion was a successive § 2255 motion. D.E. 72.

## II.  MOVANT'S CLAIMS

In his present motion Rivera claims that his retained counsel was ineffective in his presentation of Rivera's original § 2255 motion and counsel failed to file a request for a certificate of appealability.   Rivera also claims that he is actually innocent of the enhanced sentence imposed because it exceeded the terms of the plea agreement. Rivera contends that his sentencing did not comport with the requirements of Alleyne because he was sentenced based in part on relevant conduct that increased his base offense level and his enhancements did not comport with Alleyne. Rivera claims that the Court impermissibly involved itself in plea negotiations, claims that his sentence was procedurally unreasonable and violated his due process rights.

## III.  ANALYSIS

### A. Second or Successive–Claim Regarding Ineffective Assistance in Original Motion to Vacate

Although Rivera has filed several previous post-conviction motions, his claim that counsel in his original § 2255 motion was ineffective could not have been raised until after that motion was concluded. A subsequent § 2255 motion is "second or successive" when it:

> (1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or
>
> (2) otherwise constitutes an abuse of the writ.

United States v. Orozco-Ramirez, 211 F.3d 862, 867 (5th Cir. 2000) (internal citations and quotations omitted). The Orozco-Ramirez court noted that if the facts underlying a claim occurred before the initial § 2255 motion, and thus could have been raised in the initial motion, a movant is not entitled to assert that claim in a subsequent motion. Id. at 869. By contrast, where the facts supporting a claim arise after the filing of the initial § 2255 motion, such a claim may

be filed in a subsequent § 2255 motion and will not be considered "second or successive." See Leal Garcia v. Quarterman, 573 F.3d 214, 221- (5th Cir. 2009).

Because Rivera's claim that his post-conviction counsel provided ineffective assistance during his initial § 2255 motion does not fit within the "second or successive" definition, the Court will consider it on its merits.

Rivera claims globally that his post-conviction counsel failed to "adequately prosecute and argue the habeas petition." This statement does not state any facts to support the conclusion that counsel's services were not adequate and does not advise the Court of Rivera's complaint. Conclusory allegations on critical issues in a § 2255 proceeding are insufficient to raise a constitutional issue.  United States v. Woods, 870 F.2d 285, 288 n. 3 (5th Cir. 1989); see also United States v. Jones, 614 F.2d 80 (5th Cir. 1980) (failure of movant to state specific facts, "is insufficient to state a constitutional claim.").

Rivera next claims that counsel failed to request a certificate of appealability and counsel's failure to do so deprived him of an appeal of his original § 2255. Counsel filed a notice of appeal on Rivera's behalf. The Fifth Circuit Court of Appeals denied counsel's request for a certificate of appealability after finding that Rivera waived his right to file a § 2255 motion pursuant to the terms of his plea agreement. D.E. 69. Rivera's complaint is contradicted by the record and is without merit.

### B.  Rivera's Remaining Claims Are Second or Successive

The remainder of Rivera's claims address his sentencing and could have been raised in his initial § 2255, except for his claims that his sentencing violated Alleyne. That claim will be addressed separately.

Rivera's claims that he was not sentenced properly are claims that were known to him after sentencing and that should have been raised in his initial § 2255. Those claims are second or successive and the Court has no jurisdiction over them unless Rivera secured a certificate of appealability.

In pertinent part, 28 U.S.C. § 2255(h) provides:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

Where a claim is second or successive, the movant is required to seek, and acquire, the approval of the Fifth Circuit before filing a second § 2255 motion before this Court. See Tolliver v. Dobre, 211 F.3d 876, 877 (5th Cir. 2000); 28 U.S.C. § 2244(b)(3)(A). Rivera does not claim he has done so.

### C.  Claim that Sentencing Violates <u>Alleyne</u>

Rivera claims that the relevant conduct and enhancements to his sentence violate <u>Alleyne</u> <u>v. United States</u>, 133 S.Ct. 2151 (2013). Although Rivera could not have raised this claim at the time of his sentencing, § 2255(h), <u>see</u> <u>supra</u>, still requires that he obtain a certificate of appealability to raise the issue. In <u>Alleyne</u>, the Supreme Court held that any fact that increases the mandatory minimum sentence for a crime is an element of the crime that must be submitted to the jury and found beyond a reasonable doubt. <u>Id.</u> at 2163. Rivera's claim is procedurally barred because he failed to obtain a certificate of appealability and is without merit because Rivera waived his right to a jury trial by pleading guilty. <u>See</u> D.E. 55, pp. 10-12.[1]

## IV.  CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). An appeal from the denial of a Rule 59(e) or Rule 60 motion requires a

---

[1]

       19 The trial can either be a jury trial or a trial to me
       20 without a jury, if you and I and the U.S. Attorney all agree to
       21 this. And if at trial you were found guilty, you would have a
       22 right to appeal. But again, all of you []are
       23 giving up that right.
       24 And if you plead guilty, you give up all these
       25 valuable trial rights. And if you plead guilty and I accept
       1 your plea, there will not be a trial, and I'll enter a finding
       2 of guilty and sentence you on the basis of your plea, after
       3 considering a Presentence Investigation Report, the advisory
       4 sentencing guidelines, the factors in 3553(a) and the statutory
       5 range of imprisonment. Do you understand this?
       6 * * * * *
       7 THE COURT: Mr. Rivera?
       8 THE DEFENDANT: Yes, ma'am.
          *     *     *     *
       1 THE COURT: Then I find that each of you understand
       2 your trial rights.

<u>Id.</u>

certificate of appealability in all but very narrow circumstances. Ochoa Canales v. Quarterman, 507 F.3d 884, 888 (5th Cir. 2007) ("We therefore hold . . .that a COA is not required to appeal the denial of a Rule 60(b) motion . . .only when the purpose of the motion is to reinstate appellate jurisdiction over the original denial of habeas relief."); Williams v. Quarterman, 293 Fed. App'x. 298 at *16 (5th Cir., Sept. 19, 2008) (per curiam) (designated unpublished) ("Williams also must obtain a COA to appeal his Rule 59(e) motion."). Although Rivera has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 Rules.

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484.

The Court finds that Rivera cannot establish at least one of the Slack criteria. Accordingly, he is not entitled to a COA as to his claims.

## V.   CONCLUSION

For the foregoing reasons, Rivera's motion (D.E. 132) is DENIED.  Additionally, he is DENIED a Certificate of Appealability.

SIGNED and ORDERED this 25th day of July, 2014.

Janis Graham Jack
Senior United States District Judge